ROGER BENNET ADLER, P.C.
COUNSELOR AT LAW

233 BROADWAY-STE 2340
NEW YORK, N.Y. 10279

TEL. (212) 406-0181
FAX (212) 233-3801

June 27, 2023

*Via ECF*
Hon. William F. Kuntz II
Judge, United States District Court
c/o United States Courthouse, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201-1818

Re: United States v. Agoro, et. al. (Rule 33 Motion/Supplemental Submission)
(20-cr-00293)(S-1)(WFK)

Dear Judge Kuntz:

    I write as a followup to my reply submission in connection with the Rule 33 motion to file this supplementary response following the U.S. Supreme Court's most recent Sixth Amendment right of confrontation opinion in *Sapian v. United States*, 599 U.S. ___ [2023].

    In *Sapian*, a divided U.S. Supreme Court upheld the trial court's decision to permit the Government to introduce a post-arrest statement from a testimonially unavailable declarant (Stillwell) implicating himself and Sapian. The Court affirmed the legal sufficiency of the Government's reduction of Sapian's identity.

    Here by contrast, the declarant Britton (who was incarcerated in federal custody at the time of the alleged statement) was not a charged member of the conspiracy. Indeed, he had been released from Bureau of Prisons (B.O.P.) custody, and was on supervised release in Queens County. Against the Government's failure to demonstrate the declarant's unavailability, the admission of the alleged Folk Nation "organization chart" through a B.O.P. employee denied the defendants their Sixth Amendment right of confrontation.

    Finally, I call the Court's attention to a recent decision by a panel of the Fourth Circuit Court of Appeals in *United States v. Rafiekian*, 68 F. 4th 177 [4th Cir. 2023], which upheld the District Court's grant of a Rule 33 motion. The Court's opinion at page 181 noted that a Rule 33 motion may be granted even where the Government has presented sufficient evidence for a reasonable jury to convict, but when the Court disagrees with the jury's "weighing of the trial evidence."

1

Circuit Judge Wynn's opinion notes that, in adjudicating a Rule 33 motion, the Court sits as a "thirteenth juror," unconstrained by responsibility to view the trial testimony in the light most favorable to the Government.

Here, the trial record is devoid of any evidence that Bailey knowingly: (a) possessed, (b) brandished, or (c) discharged a firearm on November 7th, 2020, or that he committed (or supported) any crime as a member of Folk Nation. Rather, he was residing down in Stone Mountain, Georgia prior to his November trip to Brooklyn with his companion for a baby photography shoot.

Nor, we note, did he send (or receive) any text or email message from Britton, whereas YL and Hans Destine did.

The notion that Defendant Bailey was a "Folk Nation" member (much less official) during the November 7th to 9th conspiracy, is not reliable, nor appropriately supported by the trial testimony. The Government's proof was associational evidence, which did not overcome the presumption of innocence. A new trial should be ordered.

Very truly yours,

Roger Bennet Adler
*Attorney for Defendant Lorenzo Bailey*

RBA/gr

Cc:

**Via ECF**
Assistant U.S. Attorney Jonathan Siegel
All Defense Counsel

**Via 1ˢᵗ Class Mail**
Mr. Lorenzo Bailey
#59336-509
c/o Metropolitan Detention Center
P.O. Box 329002
Brooklyn, New York 11232